SLATER v GENERAL MOTORS CORPORATION

1. ACTION—RIGHTS OF PARTIES—CONTROLLING LAW.

The substantive rights of the parties to an action are determined according to the law at the time the claims accrued.

2. CONTRIBUTION—SETTLEMENT—LIMITATION OF ACTIONS—STATUTES.

An action for contribution against a party alleged to be a wrong-doer by an insurer who has made payments in settlement of the claims of injured persons must be commenced within six months of the settlement discharge (MCLA 600.2925[4]; MSA 27A.2925[4]).

Appeal from Wayne, Horace W. Gilmore, J. Submitted December 7, 1976, at Detroit. (Docket No. 25578.) Decided March 1, 1977.

Complaint by Gary D. Slater and Maryland Casualty Company, as subrogee of Charley's Muffler Shops, Inc., against General Motors Corporation and Jerry Davidson, Inc., seeking, *inter alia,* contribution for payments made in settlement of injury claims resulting from an automobile fire. Third-party complaint by General Motors against Charley's Muffler Shops, Inc., and Midas International Corporation. Defendant General Motors moved for partial summary judgment against plaintiff Maryland Casualty Company only. Motion denied. General Motors appeals by leave granted. Reversed and remanded for entry of partial summary judgment.

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Actions § 46.
[2] 18 Am Jur 2d, Contributions §§ 89, 90.

*Moore, Sills, Poling, Wooster, Charfoos, Sinn & Taylor, P. C.* (by *James M. Prahler*), for Maryland Casualty Company.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald E. Shely* and *James P. Feeney*), for General Motors Corporation.

Before: BRONSON, P. J., and BASHARA and C. L. HORN,* JJ.

BASHARA, J. This is an appeal of a denial of appellant's motion for partial summary judgment, GCR 1963, 117.2(3), aimed at that portion of appellee's action seeking contribution.

On June 26, 1971, a Buick Skylark caught fire and seriously burned Gary Slater, plaintiff herein, and fatally burned Mark McNight. On November 24, 1972, the plaintiff and the administrator for the Estate of McNight commenced an action against a number of defendants including Charley's Muffler Shops, Inc. The appellant was not one of the defendants.

The appellee was the insurer for Charley's Muffler Shops, Inc. It settled the claim with the plaintiff for $100,000 on November 5, 1973, and settled a claim with the Estate of McNight on October 24, 1973.

On May 17, 1974, the plaintiff and the appellee, as subrogee of Charley's Muffler Shops, Inc., commenced an action against the appellant and Jerry Davidson, Inc., the dealership from which the automobile was purchased. The complaint, with respect to the appellee's claims, sought in relevant part contribution from the appellant.

The appellant moved for partial summary judg-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment premised on no genuine issue as to any material fact, GCR 1963, 117.2(3), on the grounds that contribution was barred by 1961 PA 236, §§ 2925(3) and (4); MCLA 600.2925(3), (4); MSA 27A.2925(3), (4).[1] Those sections provide:

"(3) An *insurer* of a person *jointly or severally liable* with 1 or more other persons upon a *judgment* for the same private wrong, which insurer has on behalf of its insured, discharged the common liability by payment, or has paid more than its insured's pro rata share thereof, shall be entitled to assert either in its own name or in the name of its insured any right to contribution which such insured would have acquired by such payment.

"(4) Any claim for contribution hereunder must be asserted *within 6 months after discharge by such party* of the common liability or payment of more than his pro rata share." (Emphasis supplied.)

The appellant contends that it was entitled to summary judgment because (1) no judgment was entered against the appellant, and (2) the action was not commenced within six months after discharge.[2]

The appellee conceded that it did not come within the requirements of 1961 PA 236, §§ 2925(3) and (4). However, appellee contended that it was not seeking contribution under the statute, but rather was seeking contribution pursuant to the

[1] Although that section was repealed by 1974 PA 318, § 2, it still controls because the substantive rights of all parties are determined according to the law at the time the claims accrued. *Husted v Consumers Power Co,* 376 Mich 41, 47; 135 NW2d 370 (1965).

[2] A motion grounded on the statute of limitations is normally brought under accelerated judgment. GCR 1963, 116.1(5). However, in the instant case 1961 PA 236, § 2925(4) provides that actions brought under the statute must be asserted within six months after discharge. The statute of limitations as it pertains to actions under this statute may be construed as a substantive element of the cause of action, rather than a procedural bar. In such a situation a motion for summary judgment could also be appropriate.

equitable principles set forth in *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970). Consequently, appellee argues that it did not have to come within the statute.

The trial judge apparently agreed because he denied appellant's motion. We granted appellant's application for leave to appeal.

In *Moyses* the Court recognized that 1961 PA 236, § 2925 only allowed contribution for joint tortfeasors and insurers insuring persons jointly or severally liable. Those persons that were not insurers, but were unintentional "wrongdoers", were not entitled to contribution by the common law. To rectify this injustice, the Court overruled the remnants of Michigan's common law bar to contribution with respect to unintentional wrongdoers.

It is not necessary for us to consider whether a judgment is necessary before the appellee is entitled to contribution. We find on the authority of *Moyses* that the appellee's action for contribution was barred since it was not commenced within six months of the settlement discharge.

In *Moyses* the Court stated in closing:

"Our decision to overrule will apply retroactively so as to include such claims for contribution as may have arisen no more than six months prior to the date of release of this opinion, by the fact of payment by the claimant of more than his *pro rata* share. *That will fit the lifting of the common-law bar to the six-month limitation provided when (4) of § 2925 is applicable.*" (Emphasis supplied.) *Moyses v Spartan Asphalt Paving Co, supra,* at 336.

We interpret this paragraph to mean that the Court was implementing its own six-month limitation for bringing those actions for contribution no longer barred by the common law.

This is the only acceptable conclusion since the *Moyses* Court was concerned that 1961 PA 236, § 2925 provided for contribution for joint tortfeasors, excepting insurers, but not other unintentional wrongdoers. It certainly would be an anomaly if by overruling the common law bar against contribution, the Supreme Court intended to swing the pendulum to favor unintentional wrongdoers by not limiting their actions for contribution to six months.

We are convinced that *Moyses* intended a six-month limitation to apply to contribution actions, no matter what theory applied. Since appellee's action for contribution was not brought within the six months of discharge, it is barred.

Reversed and remanded for entry of partial summary judgment in favor of appellant. No costs.